IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01427-MEH

ROLAND D. ROSS,

    Plaintiff,

v.

JOSHUA HAYDEN, Prison Dining Facility Supervisor, and
DOES, Unknown Dining Facility Administrator and Unknown Assistant Administrator,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Roland D. Ross ("Plaintiff"), a federal pro se inmate, brings claims in his Amended Prisoner Complaint ("Amended Complaint") against Defendants Joshua Hayden ("Hayden"), an Unknown Dining Facility Administrator ("Administrator"), and an Unknown Assistant Administrator ("Assistant") (collectively, "Defendants")[1] regarding an incident in which Plaintiff was injured while operating a food service cart. ECF 11. Hayden filed the current Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion"). ECF 60. Plaintiff has filed a response (ECF 64), and the Court finds that further briefing would not materially assist it in adjudicating the Motion. *See* D.C.Colo.LCivR 7.1(d). As described below, the Court grants the Motion.

---

[1] The Amended Complaint also names Joe Moorehead as a defendant in this matter. However, the claims against him were dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8's pleading requirements during initial screening. ECF 15, 16.

## BACKGROUND

The following are the material, factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At all times relevant to this lawsuit, Plaintiff was an inmate at the Federal Correctional Institution in Florence, Colorado, and Hayden was a prison dining facility and kitchen supervisor. ECF 11 at 2. Plaintiff alleges "Hayden[,] while in the capacity of [f]ood supervisor, acted with a reckless disregard for Plaintiff's safety when assigning the Plaintiff to push a 1000 pound food cart without training, or safety talks." *Id.* at 4. On or about August 26, 2018, Plaintiff contends that he was directed to manually push the food cart to a special housing unit. *Id.* As he did so, "the 1000 pound food cart broke free from Plaintiff's grip, spiraled downward, latching on to Plaintiff[,] causing severe injuries to his foot[ ] and ankle before it came to a complete stop." *Id.* Plaintiff's injuries required surgery. *Id.* Other inmates have also been injured by the food cart. *Id.* at 5. Defendants "knew or should have known that [Plaintiff's] assignment was unreasonably dangerous for the Plaintiff to pursue alone." *Id.* at 4–5. Plaintiff asserts that the food cart was visibly defective and did not contain any safety features. *Id.* Plaintiff is suing Defendants in their individual capacities and is seeking damages in excess of one million dollars. *Id.* at 5.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 680.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at 1192.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Construing the Amended Complaint liberally, Plaintiff asserts *Bivens* claims against Defendants for violation of the Eighth Amendment. Hayden raises three arguments in his Motion. First, he seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy. Second,

4

he asserts the defense of qualified immunity for failure to state a claim. Finally, Hayden moves alternatively for summary judgment for Plaintiff's alleged failure to exhaust administrative remedies. Plaintiff's response does not address the first two arguments, focusing solely on the exhaustion of remedies issue. ECF 64. Because the Court agrees with Hayden that Plaintiff lacks a *Bivens* remedy, the Motion is granted without reaching the qualified immunity or exhaustion arguments.

I.   *Bivens* **Remedy**

Hayden initially argues that Plaintiff's claims against him should be dismissed for lack of a *Bivens* remedy. Mot. at 6–12. In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized the *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson*, 446 U.S. at 16 (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, - U.S. -, 137 S. Ct. 1843, 1855 (2017).

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. The Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Id.* (quoting *Corr. Servs. Corp.*, 534 U.S. at 68. "If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is

new." *Id.* at 1859.  "[E]ven a modest extension is still an extension." *Id.* at 1864.  A court may consider the following factors in determining whether a case might differ in a meaningful way:

> [T]he rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860.

Here, Plaintiff's allegations involve a vastly different type of "official action" than those alleged in *Carlson*, *Davis*, and *Bivens*.  Plaintiff's case concerns correctional officials' training and supervision of Plaintiff's employment tasks, as opposed to an official's medical treatment of an inmate like in *Carlson*, a police officer's arrest of a suspect like in *Bivens*, and a Congressman's actions toward staff in *Davis*.

Although the Supreme Court extended the remedy to deliberate indifference claims under the Eighth Amendment, it did so under different circumstance than here.  In *Carlson*, the Supreme Court extended a remedy for deliberate indifference as to medical needs.  446 U.S. at 16 n.1 (extending remedy when the plaintiff died because of the "gross inadequacy of medical facilities and staff . . . [and] the seriousness of [the plaintiff's]" medical conditions).  Unlike *Carlson*, Plaintiff's liberally construed Eighth Amendment claim is based on a failure-to-supervise theory.  Other courts have found that failure-to-supervise claims under the Eight Amendment constitute new contexts from *Carlson*.  *See Shorter v. Samuels*, No. 3:16-1973, 2019 WL 6492534, at *6–7 (M.D. Pa. Dec. 3, 2019) ("The court finds that plaintiff's failure to supervise claim in Count II based on supervisory liability is unlike the Eighth Amendment claim in *Carlson*.").  The Court agrees and finds that Plaintiff's case is meaningfully different from *Carlson* and thus constitutes a new context.

Next, the Court considers whether to extend the *Bivens* remedy in this case.  "[A] *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'"  *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). One special factor is "an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."  *Id.* at 1858.

Plaintiff has several alternative remedies available.  First, he has access to the Bureau of Prisons' ("BOP") Administrative Remedy Program.  *See Corr. Servs. Corp.*, 534 U.S. at 74 ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program."). This District has repeatedly rejected the creation of a new *Bivens* remedy based, in part, on the availability of the BOP's grievance program as an alternative remedy.  *See Ajaj v. Fed. Bureau of Prisons*, 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2–3 (D. Colo. Jan. 17, 2017) ("[F]iling a grievance as part of the BOP's administrative remedy program" is an adequate alternative remedy.); *Lovett v. Ruda*, 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) ("[G]rievances filed through the BOP's Administrative Remedy Program constitute alternative means of preventing unconstitutional conduct in the prison context.").

Second, Plaintiff may assert a claim through the Federal Tort Claims Act ("FTCA").  *See Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting other cases since *Ziglar* declining "to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy").  The Court notes that Plaintiff's claim likely sounds in tort (for which the FTCA could allow a remedy) and not in a constitutional violation.  A *Bivens* remedy is supposed to apply only when there is no other remedy available to the plaintiff.  "[I]f Congress has created 'any alternative, existing process for protecting the [injured party's] interest'[,] that itself may

7

'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The alternative remedy "need not compensate a plaintiff with monetary damages in order to be [an] adequate alternative[ ]." *Ajaj*, 2017 WL 219343, at *3 n.8 (citing *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 862–63 (10th Cir. 2016)).

Furthermore, there are other special factors that caution against extending a *Bivens* remedy in this case. Extending the remedy would create "a superfluous way for prisoners to gain relief by suing prison employees individually . . . interfe[ring] with prison management and add to the Court's already heavy burden of prisoner litigation." *Huerta v. Oliver*, 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *17 (D. Colo. Jan. 31, 2019). Additionally, Congress chose not to provide "a standalone damages remedy against federal jailers." *Ziglar*, 137 S. Ct. at 1865. This "suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation" to extend a *Bivens* remedy. *Id.*

Considering the totality of the factors, including the availability of alternative remedies and other special factors, the Court finds no authority to recognize a *Bivens* remedy as to Plaintiff's claims. Consequently, Plaintiff has no remedy[2] available. Though Hayden is the only named defendant, Plaintiff's claims against the Administrator and Assistant are identical to the claims

---

[2] The Court notes that Plaintiff's Amended Complaint includes an unspecified request for injunctive relief. ECF 11 at 6–7. To the extent Plaintiff asserts this as a separate claim, the Court finds that equitable relief is not available under a *Bivens* action. *See Davis v. Passman*, 442 U.S. 228, 245 (1979) ("[I]t is damages or nothing.") (citation omitted); *see also Matthews v. Wiley*, 74 F. Supp. 2d 1159, 1167 (D. Colo. 2010) (injunctive relief "is not within the authority of the Defendants in their individual capacities. Such relief is only available in an officially capacity suit.").

against Hayden. Thus, Plaintiff lacks a *Bivens* remedy against all Defendants, and his claims must be dismissed.[3]

## II.     Leave to Amend

Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.* However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, the Court's ruling to grant the Motion does not stem from "deficiencies . . . attributable to oversights [in] . . . [Plaintiff's] ignorance of special pleading requirements." *Reynoldson*, 907 F.2d at 126. Rather, despite Plaintiff's allegations, the Court finds, as a matter of law, that a *Bivens* remedy is not available to Plaintiff. There is no "potentially curable defect in the plaintiff's allegations," meriting the opportunity for Plaintiff to amend his Amended Complaint. *Stubblefield v. Henson*, No. 92-1045, 1993 WL 55936, at *2 (10th Cir. 1993). Therefore, Plaintiff's claims must be dismissed with prejudice.

---

[3] Hence, the Court will not address whether Hayden is entitled to qualified immunity or whether Plaintiff exhausted his administrative remedies.

## **CONCLUSION**

The Court **grants** Defendants' Motion [filed January 8, 2021; ECF 60]. Plaintiff's claims against all Defendants are dismissed with prejudice for lack of a *Bivens* remedy. The Court directs the Clerk of the Court to close this case.

Entered and dated this 3rd day of March, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge